# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| AUTHOR J. MANNING, JR. § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CASE NO. 6:24-CV-72-JDK-KNM |
| § | |
| USDA RURAL AREA DEVELOPMENT, § | |
| § | |
| *Defendant.* § | |
| § | |

## REPORT & RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant United States Department of Agriculture, Rural Area Development's ("United States" or "Defendant") Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Doc. No. 8. Defendant seeks dismissal of the claims brought by Plaintiff Author J. Manning, Jr. ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, summary judgment pursuant to Rule 56. Plaintiff filed a Response (Doc. No. 9), and Defendant filed a Reply (Doc. No. 10). Having considered the parties' pleadings and the relevant law, the Court **RECOMMENDS** Defendant's Motion to Dismiss (Doc. No. 8) be **GRANTED** and the case be **DISMISSED** without prejudice for lack of jurisdiction. The Court further **RECOMMENDS** that Plaintiff's Motion for Leave to Amend Petition (Doc. No. 11) be **DENIED**.

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated this lawsuit in the 4th Judicial District Court of Rusk County, Texas on January 31, 2024. Doc. No. 1-1. Defendant removed the case to this Court on

March 1, 2024. Doc. No. 1. On March 26, 2024, Plaintiff filed an Amended Complaint. Doc. No. 6. Defendant filed its Motion to Dismiss on April 4, 2024. Doc. No. 8.

Although Plaintiff's Amended Complaint does not clearly delineate which federal claims he intends to assert, this appears to be an action for money damages and possibly a quiet title action. Plaintiff alleges in the Amended Complaint that "The Defendants Farmers Home Administration now USDA Rural Area Development sold someone my home" and that he "did not approve the transactions made." Doc. No. 6 at 1. Plaintiff states that he "seeks Relief in the amount of $1,250,000, Re-contacting [the current homeowner] a home in the equivalent of the mortgage value paid. And the return of ownership of the real estate property, The Home [all sic]." Doc. No. 6 at 3.

Plaintiff alleges that he "is the original owner of the home" and that he "originally owns the deeds." Doc. No. 6 at 2. Additionally, he alleges that that the Farmer's Home Administration did not own the home at the time it was sold to the current owner, Ms. Brittain. Doc. No. 6 at 2.

Defendant moves to dismiss Plaintiff's Complaint on two separate grounds. First, Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff has not identified a statute containing a waiver of the government's immunity from suit. Alternatively, Defendant argues that Plaintiff's claims should be dismissed because undisputed facts established by matter of public record show that Plaintiff was not the original owner of the home and the subject real property as he claims. Doc. No. 8 at 4.

## DEFENDANT'S MOTION TO DISMISS

I.  **Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal based on a lack of subject matter jurisdiction. A federal court must consider a motion to dismiss pursuant to Rule 12(b)(1) before any other challenge because a court must have subject matter

2

jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). In determining whether a complaint should be dismissed for lack of subject matter jurisdiction, the court can consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

"A plaintiff may only sue the United States if a federal statute explicitly provides for a waiver of sovereign immunity. The United States must consent to be sued, and that consent is a prerequisite to federal jurisdiction." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012) (citing *Delta Commercial Fisheries Ass'n v. Gulf of Mex. Fishery Mgmt. Council*, 364 F.3d 269, 273 (5th Cir. 2004)). A party suing the United States must allege both a basis for the court's jurisdiction, FED R. CIV. P. 8(a)(1), and a specific statute containing a waiver of the United States's sovereign immunity from suit. *Lundeen v. Mineta,* 291 F.3d 300, 304 (5th Cir. 2002). Sovereign immunity is waived only by explicit, unequivocal statutory language, which is strictly construed, in terms of its scope, in favor of the sovereign. *Lane v. Pena,* 518 U.S. 187, 192 (1996).

## II. Analysis

The burden rests with Plaintiff to show the United States has consented to be sued because he is the party asserting federal jurisdiction. *See Lundeen v. Mineta,* 291 F.3d 300, 304 (5th Cir. 2002). *Pro se* complaints must be held to a less rigorous standard than pleadings prepared by lawyers. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1122 (5th Cir. 1987). However, even under the most liberal construction, Plaintiff has not identified any statute enacted by Congress

that waives the United States' sovereign immunity for the claims he asserts and the relief he seeks.

As noted by Defendant, 28 U.S.C. § 2410 permits suit to quiet title to real or personal property when the government holds a mortgage or other lien on the property. 28 U.S.C. § 2410(a)(1). To the extent Plaintiff brings his claims pursuant to this statute, "[section] 2410 provides for federal court subject matter jurisdiction and for an implicit waiver of the United States' sovereign immunity only for the adjudication of an equitable action to quiet title, and not an action for money damages." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007); *Kulawy v. United States,* 917 F.2d 729, 736 (2d Cir. 1990) ("in a § 2410 action, only equitable relief affecting title, and not damages, may be awarded").

The Court cannot be sure that Plaintiff seeks to bring his claim for quiet title under § 2410. Plaintiff's Response does not clarify this issue. It states in relevant part:

> The Public Record does not show the original owner of the real property, the United States does not have authority of ownership. The Plaintiff worked for the United States Military in various branches was suspected away in the military at the time or other business and real estate property management. The Plaintiff originally purchased Acres of the property, the size of the city Overton TX, 75684 it resides in and is suspected to own multiple houses that populate the land. The Plaintiff owns multiple houses and real estates properties in the United States that the Plaintiff Alleged is a percentage of Farmers Home Administration and United States Department of Agriculture real estate and Mortgage inventory and suspected the Defendant's original founder [all sic].

Doc. No. 9 at 2. The Response does not identify any statute that waives the United States' sovereign immunity for Plaintiff's claim; the Response only states in a conclusory fashion that "[j]urisdiction has been established in the case." Doc. No. 9 at 1. Even if § 2410 were to confer jurisdiction upon this Court, Plaintiff has failed to satisfy the statute's pleading requirements. The statute requires that the "complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States." 28 U.S.C. § 2410(b). Plaintiff does not set forth the

nature of the United States' lien on any property. The Fifth Circuit has held that "[i]n keeping with the Supreme Court's decisions regarding the construction of statutory waivers, a noncomplying complaint under 28 U.S.C. § 2410 does not invoke the statutory waiver of sovereign immunity granting consent to suit, and, consequently, cannot state a claim upon which relief could be granted." *Lewis v. Hunt*, 492 F.3d 565, 571 (5th Cir. 2007). As mentioned above, Plaintiff does not cite to § 2410 (or any other statute providing a waiver for sovereign immunity) in his complaint or his Response. The Court cannot guess which waiver of sovereign immunity Plaintiff intends to proceed under.

Having found no clear grounds upon which the United States has consented to this suit, the Court recommends dismissing Plaintiff's action for lack of subject matter jurisdiction. *See Broussard v. United States,* 989 F.2d 171, 177 (5th Cir.1993) (finding that whenever the United States has not waived its sovereign immunity, the district court should dismiss the complaint for want of subject matter jurisdiction). Because the Court lacks jurisdiction over Plaintiff's claims and must dismiss the case for the reasons above, it declines to decide whether Plaintiff's claims should be dismissed on the separate basis that he was not the "original owner" of the subject real property as he alleges.[1]

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

After Defendant filed its Motion to Dismiss, Plaintiff filed a document entitled "Motion to Leave the Original Petition, Motion to Amend, Amended Petition." Doc. No. 11. Plaintiff also filed what appears to be his proposed Second Amended Petition. Doc. No. 12.

---

[1] Plaintiff's Response states that he brings claims against Defendant "for Antitrust, Trespass of Title, and Tort on the land." Doc. No. 9 at 1. To the extent Plaintiff attempts to raise new claims in his Response, the Court notes that it is "wholly inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time." *Diamond Beach Owners Ass'n v. Stuart Dean Co.*, No. 3:18-CV-00173, 2018 WL 7291722, at *4 (S.D. Tex. Dec. 21, 2018), *report and recommendation adopted*, No. 3:18-CV-00173, 2019 WL 245462 (S.D. Tex. Jan. 17, 2019).

Plaintiff's motion for leave to amend should be denied. Although leave to amend should be freely granted when justice so requires, the Court may deny leave to amend if it has a "substantial reason" to do so. *See* FED. R. CIV. P. 15(a)(2); *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002).

Plaintiff's proposed Second Amended Complaint and his Motion for Leave to Amend are difficult to decipher. The filings appear to state the following regarding Plaintiff's quiet title claim:

> Miss Brittain who does not know about the legal (The *Quiet* Title) actions against her mortgage company service provider. Miss Brittain was paid near $2000 a month for Author Manning's living expenses including mortgage, since the 1990s of money from Social Security with the Plaintiff's name on it managed by another foster parent, the money was to contribute to the mortgage [all sic].

Doc. 11 at 1. The motion to amend should be denied because the proposed amended complaint still does not state the grounds upon which the United States consented to the suit. *See Swift v. U.S. Border Patrol,* 578 F. Supp. 35, 37 (S.D. Tex. 1983). The proposed amended complaint makes it clear that Plaintiff cannot cure the jurisdictional deficiencies addressed above.

Additionally, Plaintiff's Second Amended Complaint appears to set forth new claims against various third parties that are completely unrelated to the subject matter of his original complaint. For example, the proposed Second Amended Complaint alleges (among other things) that Plaintiff was unlawfully arrested; that Plaintiff's checks were stolen from him by a third party; that a group of neighbors assaulted and harassed him; and that Plaintiff "[d]eveloped and [f]unded the . . . Department of Education" as well as the U.S. Department of Homeland Security. The amended complaint requests that the United States sue or arrest various individuals. For example, it states that "[t]he Plaintiff ask the United States to sue all Video

Games Corporations including third party Video Games Developers, Midway, Time Warner Bros Discovery, Namco, Cap Com, Bandi, Funimation, for Relief in the amount of up to $9,900,000,000,000,000,000 each and Return Ownership of each Corporations." Doc. 12 at 7.

If Plaintiff wishes to assert new claims, these claims should be asserted in a separate lawsuit. *See Parker v. Gusman*, Civil Action No. 11-0638, 2012 WL 7338060, at *2 (E.D. La. Nov. 16, 2012) (denying plaintiff's motion to amend because his proposed amended complaint alleged a claim "unrelated to the subject matter of his original complaint," and collecting cases holding the same).

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Defendant's Motion to Dismiss (Doc. No. 8) be **GRANTED** and that Plaintiff's claims be **DISMISSED** without prejudice for lack of jurisdiction. The Court further **RECOMMENDS** that Plaintiff's Motion for Leave to Amend Petition (Doc. No. 11) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 24th day of June, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE