IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| AUTHOR J. MANNING, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>USDA RURAL AREA DEVELOPMENT,<br><br>    Defendant. | Case No. 6:24-cv-72-JDK-KNM |

**ORDER PARTIALLY ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND REMANDING CASE**

Plaintiff Author J. Manning, Jr. initiated this pro se lawsuit in Texas state court. Defendant USDA Rural Area Development removed the case to this Court. This appears to be a quiet title action and action for money damages involving real property located in Rusk County, Texas. Docket No. 6. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

Before the Court are Defendant's motion to dismiss (Docket No. 8) and Plaintiff's motion for leave to amend his complaint (Docket No. 11). On June 24, 2024, Judge Mitchell issued a Report and Recommendation recommending that the Court grant Defendant's motion and dismiss this case without prejudice for lack of subject matter jurisdiction and deny Plaintiff's motion for leave to amend his complaint. Docket No. 16. Plaintiff filed three objections to the Report. Docket Nos. 19, 20, 21.

1

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Jurisdiction over any suit against the federal government requires a clear statement from the United States waiving sovereign immunity and a claim that falls within the terms of that waiver. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). The Magistrate Judge recommended dismissing Plaintiff's claims without prejudice because Plaintiff failed to show Congress's unequivocal waiver of sovereign immunity for the claims he asserts and the relief he seeks. Docket No. 16 at 3–5.

Plaintiff asserts in his objections that the Court has jurisdiction over his claims under 28 U.S.C. § 1334(b) and 8 U.S.C. § 1329. Docket No. 19 at 1. But Plaintiff confuses jurisdictional grants with waivers of sovereign immunity. Under 28 U.S.C. § 1334(b), Congress granted federal district courts original jurisdiction over civil cases arising under title 11—that is, bankruptcy cases. Under 8 U.S.C. § 1329, Congress granted federal courts jurisdiction over certain civil and criminal cases brought by the United States under the Immigration and Nationality Act. Neither statute includes an express waiver of sovereign immunity as to the quiet title claims

and money damages claims Plaintiff presents here.  Plaintiff also cites a Texas statute providing that a county district judge may "transfer any civil or criminal case or proceeding on the court's docket, other than a case governed by Chapter 155, Family Code, to the docket of another district court in the county."  Docket No. 19 at 1 (quoting Tex. Gov't Code § 24.003(b)(1)).  Plaintiff does not explain why this Texas statute waives sovereign immunity here.  Given that Plaintiff has not shown an unequivocal waiver of sovereign immunity, the Magistrate Judge was correct in finding that this Court lacks subject matter jurisdiction over this case.

Plaintiff next objects that the Deed by Substitute Trustee that Defendant attached to its motion to dismiss was falsified.  Docket No. 21 at 1.  Defendant, in its Motion, requested that the Court take judicial notice of the Deed by Substitute Trustee.  Docket No. 8 at 2.  However, the Magistrate Judge did not rely on the Deed by Substitute Trustee in her Report because she found a lack of subject matter jurisdiction based on sovereign immunity.  Docket No. 16 at 3–5.  This objection is therefore moot.

Finally, Plaintiff's objections also accuse Defendant of committing burglary, kidnapping, illegal collection practices, antitrust, unlawful detainment, and "illegally [housing] foreign terrorists" and criminals on his properties.  Docket No. 20 at 2.  To the extent that Plaintiff is attempting to allege new facts and causes of action not in his original complaint in his objections, such an attempt is improper.  *See Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001).  If Plaintiff wishes to pursue these new claims, he may file a new lawsuit in the appropriate court.

The Court agrees with the Magistrate Judge that this Court lacks subject matter jurisdiction over Plaintiff's claims due to sovereign immunity. Further, Plaintiff's objections lack merit. However, under 28 U.S.C. § 1447(c), the appropriate remedy when subject matter jurisdiction is lacking is remand rather than dismissal without prejudice. *Spivey v. Chitimacha Tribe of La.*, 79 F.4th 444, 447 (5th Cir. 2023) ("[W]hen a district court determines that it lacks subject matter jurisdiction over a removed case, it *must* remand."); *see also Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (explaining that § 1447(c) "declares that, where subject matter jurisdiction is lacking, the removed case *shall* be remanded"). And the Fifth Circuit has expressly rejected the "futility exception" that would allow dismissal even when remand is futile. *Spivey*, 79 F.4th at 448 ("[Section] 1447(c) means what it says, admits of no exceptions, and requires remand even when the district court thinks it futile.").

The Court has conducted a de novo review of the record in this case and the Magistrate Judge's Report. Based on that review, the Court **ADOPTS** the Report of the Magistrate Judge (Docket No. 16) as to the determinations that this Court lacks subject matter jurisdiction over this removed case and that Plaintiff's proposed amended complaint is futile. The Court **DENIES** Plaintiff's motion for leave to amend (Docket No. 11). And because § 1447(c) requires remand rather than dismissal, the Court also **DENIES** Defendant's motion to dismiss (Docket No. 8). The Court **REMANDS** this case to the 4th Judicial District Court of Rusk County, Texas pursuant to § 1447(c).

**So ordered and signed on this**

**Aug 15, 2024**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE